**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

STRIKE 3 HOLDINGS, LLC,

Plaintiff,

v. Case No. 2:26-cv-2352-SPC-KRH

JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 73.107.40.177,

Defendant.
_________________________________/

**ORDER**

This matter is before the Court on Plaintiff Strike 3 Holdings, LLC's Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference. (Doc. 9).[1] As explained, the Motion is granted.

**Background**

Strike 3 Holdings alleges copyright infringement against John Doe Subscriber Assigned IP Address 73.107.40.177, an unnamed Defendant, for unlawfully reproducing and distributing Strike 3's adult films. (Doc. 1). Strike 3 now moves for leave to serve a pre-discovery subpoena on Doe's internet service provider, Comcast Cable, to learn Doe's identity. (Doc. 9 at 2-3).

[1] On this issue, I (shamelessly) adopt the approach established by other judges within this Division. *E.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 2:26-cv-80-SPC-NPM, 2026 U.S. Dist. LEXIS 21238, at *3 (M.D. Fla. Feb. 2, 2026) (Mizell, J.); *Strike 3 Holdings, Ltd. Liab. Co. v. Doe*, No. 2:25-cv-686-SPC-KCD, 2025 U.S. Dist. LEXIS 161214, at *1 (M.D. Fla. Aug. 20, 2025) (Dudek, J.). That said, this Order is substantially similar—if not identical—to my colleagues' work. Unless otherwise indicated, all citations are cleaned up without notation to remove non-substantial quotes, citations, or alterations.

## Discussion

The Federal Rules of Civil Procedure generally preclude a party from pursuing discovery before the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). But, as usual, there are exceptions. Relevant here, a party may pursue expedited discovery by showing "good cause." *Richardson v. Virtuoso Sourcing Grp., L.L.C.*, No. 8:15-cv-2198-T-17JSS, 2015 WL 12862517, *1 (M.D. Fla. Oct. 27, 2015).

"In cases involving infringement via the internet, courts often evaluate good cause by considering factors such as the concreteness of the plaintiff's *prima facie* case of infringement; the specificity of the discovery request; the absence of alternative means to obtain the subpoenaed information; and the need for the subpoenaed information to advance the claim." *Manny Film LLC v. Doe*, No. 8:15-cv-507-T-36EAJ, 2015 U.S. Dist. LEXIS 183954, *2 (M.D. Fla. May 18, 2015). "To establish a *prima facie* case for copyright infringement, the plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Morford v. Cattelan*, No. 23-12263, 2024 U.S. App. LEXIS 20774, at *3 (11th Cir. Aug. 16, 2024).

Here, Strike 3 has shown good cause for limited, expedited discovery. First, Strike 3 alleges a prima facie case of infringement. The Complaint asserts that Strike 3 holds a valid copyright for the subject content (i.e., adult films) that has been copied and distributed by Doe without permission through a BitTorrent program. (Doc. 9 at 7-8). Next, Strike 3 identified the specific information sought through the requested discovery—Doe's name and address—so that it may

effectuate service of process. Finally, Strike 3 showed that it has no way to identify Doe without seeking his or her name from the internet service provider—here, Comcast Cable—to advance its infringement claim. (Doc. 9 at 2-3).

In these circumstances, courts often conclude that there is good cause for limited, early discovery. And there is no reason the same result should not follow here. *E.g.*, *Malibu Media, LLC v. Doe*, No. 8:15-cv-2314-T-17TBM, 2015 U.S. Dist. LEXIS 183625 (M.D. Fla. Nov. 6, 2015) ("[I]f the plaintiff does not timely obtain John Doe's identifying information, the plaintiff may lose its ability to pursue its claims in this action. . . . [T]he plaintiff has established good cause for proceeding with expedited discovery prior to the Rule 26(f) conference."); *Manny Film LLC*, 2015 U.S. Dist. LEXIS 183954 (same).

One last item. The internet service provider subscriber at a given IP address may not be the same individual who engaged in the infringing activity. The Court thus finds it appropriate to enter the procedural safeguards below to address concerns about identifying the wrong individual and subsequent undue embarrassment.

**ORDERED**:

1. Plaintiff Strike 3 Holdings, LLC's Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference and Incorporated Memorandum of Legal Authority (Doc. 9) is **GRANTED**.

2. Strike 3 is permitted limited discovery to serve a subpoena to determine the name and address of the Doe Defendant to whom the Internet

Service Provider ("ISP"), Comcast Cable, assigned the relevant IP address or any other service provider that is later identified in response to this initial subpoena.

3. Strike 3 must attach a copy of this Order to the subpoena, and if the ISP qualifies as a "cable operator" as defined in 47 U.S.C. § 522(5), then this Order must be considered an appropriate court order under 47 U.S.C. § 551.

4. Any ISP that receives a subpoena pursuant to this Order must not assess any charge to Strike 3 in advance of providing the information requested. However, an ISP may elect to charge a reasonable amount for the costs of production.

5. Any information disclosed to Strike 3 in response to a subpoena may be used only for the purposes of protecting and enforcing Strike 3's rights as set forth in its Complaint in this case.

6. Any ISP that receives a subpoena pursuant to this Order shall provide written notice to the subscriber within twenty-one (21) days of service, informing the subscriber that identifying information has been sought pursuant to a Rule 45 subpoena under the Federal Rules of Civil Procedure and that the subscriber has the right to challenge the subpoena in court. The ISP shall additionally provide a copy of this Order with the written notification.

7. The subscriber shall have fourteen (14) days from the date of the written notification to move to quash or otherwise challenge Strike 3's subpoena. The subscriber must serve a copy of his or her motion upon both Strike 3's counsel and the ISP.

8. The ISP shall produce the subpoenaed information to Strike 3 no earlier than twenty-one (21) days after written notification has been provided to the subscriber. If, however, the subscriber moves to quash or otherwise challenges the subpoena, the ISP shall not disclose the subpoenaed information to Strike 3 until the Court has resolved the subscriber's challenge.

9. Any ISP that receives a subpoena pursuant to this Order shall preserve all subpoenaed information until either the ISP has delivered such information to Strike 3, or the Court renders a final determination that excuses the ISP's compliance with the subpoena.

10. Strike 3 must also adhere to the following procedures:

a. In all written or oral communications with the Doe Defendant, Strike 3's attorney(s) must identify themselves as representing Strike 3 and must inform him or her that any statements made may be used against him or her.

b. If the Doe Defendant contacts Strike 3, Strike 3 must inform the Doe Defendant of his or her right to hire legal counsel.

c. At any time, the Doe Defendant may inform Strike 3 by phone or written communication that he or she does not want to communicate further with Strike 3 until service is perfected.

11. Strike 3 must notify the Doe Defendant, or, if represented, his or her counsel, in writing of Strike 3's intent to name and serve the Doe Defendant at least fourteen (14) days before seeking issuance of a summons.

In Fort Myers, Florida, on September 2, 2026.

Kevin R. Huguelet
United States Magistrate Judge